FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN S., | No: 1:19-CV-3280-FVS |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 10, 15. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Kathryn A. Miller. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 10, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 15, and **REMANDS** the case for additional proceedings consistent with this Order.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 1

# JURISDICTION

Plaintiff Justin S.[1] filed an application for Disability Insurance Benefits (DIB) on December 27, 2016, Tr. 73, alleging disability since November 15, 2016, Tr. 163. Benefits were denied initially, Tr. 94-97, and upon reconsideration, Tr. 102-08. A hearing before Administrative Law Judge John Michaelsen ("ALJ") was conducted on October 23, 2018. Tr. 32-65. Plaintiff was represented by counsel and testified at the hearing. *Id.* He amended his alleged date of onset to November 20, 2017. Tr. 37. The ALJ also took the testimony of vocational expert Paul K. Morrison. Tr. 32-65. The ALJ denied benefits on December 18, 2018. Tr. 15-27. The Appeals Council denied Plaintiff's request for review on October 16, 2019. Tr. 1-5. Plaintiff failed a Complaint in this Court on December 2, 2019. ECF No. 1. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

At application, Plaintiff stated that a back injury, arthritis, anxiety, panic

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

1    disorder, depressive disorder, insomnia, degenerative disc disease, and hyperfacid

2    joints were medical conditions that limited his ability to work.  Tr. 177.  Plaintiff

3    was 27 years old at the amended date of onset.  Tr. 163.  The highest grade Plaintiff

4    completed was the eleventh grade, and he participated in special education classes.

5    Tr. 178.  Plaintiff's reported work history includes positions as a bulk puller, cashier,

6    and loader/unloader for retail stores.  Tr. 179.  At the time of his initial application,

7    Plaintiff stated that he stopped working on November 15, 2016, because of his

8    conditions.  Tr. 177.

9                                    **STANDARD OF REVIEW**

10        A district court's review of a final decision of the Commissioner of Social

11   Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

12   limited; the Commissioner's decision will be disturbed "only if it is not supported by

13   substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158

14   (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable

15   mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and

16   citation omitted).  Stated differently, substantial evidence equates to "more than a

17   mere scintilla[,] but less than a preponderance."  *Id*. (quotation and citation omitted).

18   In determining whether the standard has been satisfied, a reviewing court must

19   consider the entire record as a whole rather than searching for supporting evidence in

20   isolation.  *Id*.

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 3

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion

when the evidence is susceptible to more than one rational interpretation."

*Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court

will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An

error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability

determination."  *Id*. (quotation and citation omitted).  The party appealing the ALJ's

decision generally bears the burden of establishing that it was harmed.  *Shinseki v.

Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the

meaning of the Social Security Act.  First, the claimant must be "unable to engage in

any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months."  42

U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity

that he is not only unable to do his previous work[,] but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  See 20 C.F.R. §

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 4

1  404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

2  activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial

3  gainful activity," the Commissioner must find that the claimant is not disabled.  20

4  C.F.R. § 404.1520(b).

5      If the claimant is not engaged in substantial gainful activity, the analysis

6  proceeds to step two.  At this step, the Commissioner considers the severity of the

7  claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from

8  "any impairment or combination of impairments which significantly limits [his or

9  her] physical or mental ability to do basic work activities," the analysis proceeds to

10  step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy

11  this severity threshold, however, the Commissioner must find that the claimant is not

12  disabled.  20 C.F.R. § 404.1520(c).

13      At step three, the Commissioner compares the claimant's impairment to

14  severe impairments recognized by the Commissioner to be so severe as to preclude a

15  person from engaging in substantial gainful activity.  20 C.F.R. §

16  404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the

17  enumerated impairments, the Commissioner must find the claimant disabled and

18  award benefits.  20 C.F.R. § 404.1520(d).

19      If the severity of the claimant's impairment does not meet or exceed the

20  severity of the enumerated impairments, the Commissioner must pause to assess the

21  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 5

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of

performing other work; and (2) such work "exists in significant numbers in the

national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386,

389 (9th Cir. 2012).

### THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful

activity since November 20, 2017, the amended date of onset.  Tr. 17.  At step two,

the ALJ found that Plaintiff has the following severe impairments: degenerative disc

disease; depression; and anxiety/panic disorder.  Tr. 17.  At step three, the ALJ

found that Plaintiff does not have an impairment or combination of impairments that

meets or medically equals the severity of a listed impairment.  Tr. 18.  The ALJ

found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §

404.1567(b) except he had the following limitations:

> limited to no more than occasional stooping, crouching, crawling,
> kneeling, balancing or climbing.  He would also need to avoid
> concentrated exposure to dust, fumes, gases, poor ventilation and other
> noxious odors, as well as unprotected heights, moving machinery, and
> similar hazards.  The claimant is further limited to simple, repetitive,
> routine tasks with no public contact, and no more than brief, superficial
> contact with coworkers.

Tr. 20.  At step four, the ALJ found that Plaintiff has no past relevant work.

Tr. 26.  At step five, the ALJ found that considering Plaintiff's age,

education, work experience, and RFC, there are other jobs that exist in

significant numbers in the national economy that Plaintiff could perform,

including: small products assembler; laundry folder; and price maker.  Tr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7

26-27.  On that basis, the ALJ concluded that Plaintiff was not under a

disability, as defined in the Social Security Act, from November 20, 2017,

the alleged onset date, through the date of his decision.  Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

him DIB under Title II of the Social Security Act.  ECF No. 10.   Plaintiff raises the

following issues for this Court's review:

1.    Whether the ALJ erred in finding that Plaintiff did not meet or equal Listing
       1.04A;

2.    Whether the ALJ erred at step two;

3.    Whether the ALJ properly considered the medical opinions in the record; and

4.    Whether the ALJ properly considered Plaintiff's symptom claims.

## DISCUSSION

### 1.    Listing 1.04A

Plaintiff argues that the ALJ erred by failing to appropriately assess the

medical evidence in light of the listings.  ECF No. 10 at 5-6.  Specifically, Plaintiff

argues that the ALJ failed to assess the evidence that supports a finding that he met

Listing 1.04A.  *Id*.

If a claimant has an impairment or combination of impairments that meets or

equals a condition outlined in the "Listing of Impairments," then the claimant is

presumed disabled at step three, and the ALJ need not to consider his age, education,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 8

1    and work experience.  20 C.F.R. § 404.1520(d).  An ALJ must evaluate the relevant

2    evidence before concluding that a claimant's impairments do not meet or equal a

3    listed impairment.  *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).  A boilerplate

4    finding is insufficient to support a conclusion that a claimant's impairment does not

5    meet a listing.  *Id*.

6        Here, the ALJ simply stated that Plaintiff did not meet the Listing 1.04 criteria

7    and set forth the language of Listing 1.04.  Tr. 18.  At no point did the ALJ discuss

8    the medical evidence in relation to Listing 1.04.  *Id*.  This failure to discuss any

9    medical evidence is an error under *Lewis*.

10        Listing 1.04A requires a disorder of the spine (such as degenerative disc

11    disease) resulting in compromise of a nerve root or the spinal cord, with evidence of

12    (1) nerve root compression characterized by (2) neuro-anatomic distribution of pain,

13    (3) limitation of motion of the spine, (4) motor loss (atrophy with associated muscle

14    weakness or muscle weakness) accompanied by sensory or reflex loss and, (5) if

15    there is involvement of the lower back, positive straight-leg raising test (sitting and

16    supine).  20 C.F.R. pt. 404, Subpt. P., App. 1, § 1.04A.

17        Plaintiff has established that there is evidence in the record to support a

18    finding that he meets Listing 1.04A.  ECF No. 10 at 5-6.  Imaging shows that

19    Plaintiff's S1 nerve root is compromised and the nerve roots at L4 and L5 are

20    potentially compromised.  An MRI from March 21, 2018, shows that the left S1

21    nerve root was displaced.  Tr. 492, 685.  On August 2, 2018, Alexis M. Firman,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 9

1    ARNP, stated a lumbar spine MRI showed a possible impingement of the L4 nerve

2    root in the lateral recess at L3-4 and a possible nerve root impingement at L5-S1.

3    Tr. 736.

4         The record also contains evidence of neuroanatomic distribution of pain in the

5    L4, L5, and S1 distribution.  On January 16, 2018, Plaintiff had an L4/L5

6    distribution of radiculopathy.  Tr. 767.  On March 29, 2018, treatment notes state

7    that the MRI shows a compression of the S1 nerve which "[f]ollows his pain

8    radiation."  Tr. 685.  On May 10, 2015, Kayla Elliot, PA-C stated that Plaintiff has

9    been experiencing S1 radiculopathy over the last several years.  Tr. 694.  On the

10   same day, Melvin Wahl, M.D., stated that Plaintiff's "pain radiates down the left

11   posterior aspect of his thigh down to his calf consistent with S1 distribution."  Tr.

12   729, 732.  On August 2, 2018, ARNP Firman stated that Plaintiff presented "with

13   low back pain that radiates to bilateral hips, bilateral posterior buttocks, bilateral

14   anterior lateral thighs, and anterior medial shines and calves; left greater than right

15   following the L4, L5, and S1 dermatomal distributions."  Tr. 736.

16        The record contains evidence that Plaintiff has a limited spinal range of

17   motion.  On October 11, 2016, and October 16, 2016, Plaintiff had a tender lumbar

18   area with decreased range of motion.  Tr. 299, 386.  On November 2, 2016, Plaintiff

19   had limited extension due to pain.  Tr. 283.  On July 5, 2017, Plaintiff demonstrated

20   "painful, slight decreased [range of motion] most noted on changing positions,

21   secondary to pain."  Tr. 606.  On September 28, 2017, Plaintiff's lateral bending was

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

1  limited to 10 degrees bilaterally, 5 degrees extension, and 45 degrees flexion. Tr.

2  410. On August 2, 2018, an exam showed an abnormal range of motion in the

3  lumbar spine in all directions. Tr. 736.

4      The record also shows that Plaintiff has experienced muscle weakness in his

5  lower extremities. On August 28, 2017, October 23, 2017, and November 20, 2017,

6  Plaintiff's left leg had 4/5 weakness with flexion. Tr. 637, 661, 665. On January 26,

7  2018, and March 15, 2018, Plaintiff had 4/5 strength in the left leg and dorsiflexion.

8  Tr. 675, 680. On August 2, 2018, Plaintiff had a 5-/5 strength in the right quadriceps

9  and hamstrings. Tr. 735.

10     The record demonstrates that Plaintiff experienced decreased sensation. On

11  January 16, 2018, and March 15, 2018, Plaintiff complained of increased numbness

12  and tingling in his feet. Tr. 673, 678. On August 2, 2018, Plaintiff reported

13  numbness, tingling, pins and needles, and numbness in his genitals, and a physical

14  exam confirmed decreased sensation. Tr. 733, 736. On August 9, 2018, and

15  September 12, 2018, Plaintiff reported numbness in his groin. Tr. 717, 723.

16     The record also shows repeated positive straight leg raising (SLR) tests. On

17  November 30, 2015, Plaintiff had a positive SLR in the supine position at 30

18  degrees. Tr. 316. On May 9, 2016, Plaintiff had a positive SLR in the supine

19  position at 30 degrees and a negative SLR in the sitting position. Tr. 320. On

20  August 28, 2017, Plaintiff had a positive SLR on the left at 25 degrees. Tr. 637. On

21  August 30, 2017, the report is difficult to read, but it appears that Plaintiff had a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 11

1   positive SLR.  Tr. 642.  On October 23, 2017, and November 20, 2017, Plaintiff had

2   a positive SLR at 25 degrees on the left.  Tr. 661.  On January 16, 2018, and March

3   15, 2018, Plaintiff had a positive SLR on the left at 45 degrees.  Tr. 675, 680.  On

4   May 10, 2018, Plaintiff had a positive SLR on the left starting at 45 degrees and on

5   the right starting at 75 degrees.  Tr. 730.  On August 2, 2018, Plaintiff had a positive

6   SLR on the left at 60 degrees and on the right at 80 degrees.  Tr. 736.

7        Defendant argues that Plaintiff did not present evidence in support of meeting

8   Listing 1.04A by asserting that a slight displacement of the nerve root is not a nerve

9   root compromise and that Plaintiff failed to establish atrophy.  ECF No. 15 at 6-7.

10  Plaintiff accurately asserts that Defendant's argument is a post hoc rationalization,

11  ECF No. 16 at 3,  as the ALJ made no assessment of the medical evidence in

12  relations to Listing 1.04.  Tr. 18-19.  Therefore, any assertion that the evidence cited

13  by Plaintiff failed to meet the criteria is a post hoc rationalization.  *See Orn v.*

14  *Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (the Court will "review only the reasons

15  provided by the ALJ in the disability determination and may not affirm the ALJ on a

16  ground upon which he did not rely.").

17       Considering the ALJ failed to discuss any medical evidence in relation to

18  Listing 1.04, and there was medical evidence in the record that may support a

19  finding that Plaintiff meets Listing 1.04A, this error was harmful.  As such, a remand

20  is appropriate in this case.  Plaintiff requests that this be remanded for an award of

21  benefits based on Plaintiff's meeting Listing 1.04A.  ECF No. 10 at 6.  This Court

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 12

finds that the record contains evidence to potentially support a finding that Plaintiff meets Listing 1.04A. The Court also notes that mixed in with the abnormal findings are also normal exam results including normal range of motion and normal strength. Tr. 320, 616, 642, 655, 730. Additionally, the Court notes there is no nerve conduction study in the record to confirm Plaintiff's complaints of decreased sensation. Furthermore, if the evidence does support a finding that Plaintiff meets Listing 1.04, there is a question regarding the appropriate onset date. Plaintiff alleged that the November 20, 2017 amended onset date aligns with the opinion of his treating physician limiting Plaintiff to sedentary work but precluding him from sustained work and is approximately six months prior to the MRI that supports a finding that Plaintiff meets Listing 1.04A. Tr. 37. The MRI that Plaintiff's counsel references shows a displacement of the S1 nerve root on March 21, 2018. Tr. 491. Social Security Ruling (S.S.R.) 83-20[2] allows an ALJ to infer onset dates retroactively, however, an ALJ is instructed to call a medical expert for such a finding. Therefore, this case is remanded for additional proceedings for the ALJ to properly assess the medical evidence as it pertains to Listing 1.04A and to call a medical expert regarding whether Plaintiff meets or equals this listing and, if so,

---

[2]S.S.R. 83-20 was rescinded on October 2, 2018, and replaced with S.S.R. 18-1p, which still allows an ALJ to infer an onset date, but clarifies that a medical expert is not required to make such an inference.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    what the earliest date was that Plaintiff met or equaled the listing.

2    **2.    Step Two**

3         Plaintiff argues that the ALJ failed to consider his obesity at step two.   ECF

4    No. 10 at 3-4.

5         The Ninth Circuit has held that, under certain circumstances, an ALJ is

6    required to include a claimant's obesity in the analysis of the claimant's functional

7    capacity, regardless of whether the claimant raises obesity as a disabling factor.   *See*

8    *Celaya v. Halter*, 332 F.3d 1177, 1181-83 (9th Cir. 2003).   On the other hand, the

9    mere presence of obesity in the record is insufficient to require the ALJ to explicitly

10   consider the issue in his written opinion.   *See Burch v. Barnhart*, 400 F.3d 676, 681-

11   84 (9th Cir. 2005).   "An ALJ is not required to discuss the combined effects of a

12   claimant's impairments or compare them to any listing in an equivalency

13   determination, unless the claimant presents evidence in an effort to establish

14   equivalence."   *Id*. at 684.

15        Here, there is evidence that Plaintiff's BMI exceeded 30 kg/m$^2$ during the

16   relevant period.   Tr. 707, 725, 730.   Since this case is being remanded for the ALJ to

17   properly assess the medical evidence under Listing 1.04A and to call a medical

18   expert to provide testimony, the ALJ also must address obesity at step two and

19   throughout the sequential evaluation process.

20   / / /

21   / / /

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

### 3.    Medical Opinions

Plaintiff challenges the weight the ALJ assigned to the medical opinions of Kayla Elliot, PA-C and Patrick Metoyer, Ph.D.  ECF No. 10 at 6-15.

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

### A.    Kayla Elliot, PA-C

On November 20, 2017, PA-C Elliot completed a Work First form for the Washington Department of Social and Health Services.  Tr. 481-83.  She opined that Plaintiff was unable to lift heavy objects, unable to stand/sit for long periods, and unable to perform bending.  Tr. 481.  She stated that Plaintiff was unable to participate in work activities.  *Id*.  When asked about lifting and carrying limitations, PA-C Elliot stated that Plaintiff was limited to sedentary work, defined as "[a]ble to lift 10 pounds maximum and frequently lift or carry such articles as files and small tools.  A sedentary job may require sitting, walking and standing for brief periods." Tr. 482.  She stated that Plaintiff's ability to work would be impaired for three to six months.  *Id*.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    On June 4, 2018, PA-C Elliot completed a second Work First form.  Tr. 487-

2    89.  She stated that Plaintiff was unable to lift, bend, stand, squat, or sit for long

3    periods and was unable to lift/carry and pull/push over ten pounds.  Tr. 487.  She

4    opined that Plaintiff was unable to participate in work activities.  *Id*.  When asked

5    about lifting and carrying limitations, PA-C Elliot stated that Plaintiff was severely

6    limited, which is defined as "[u]nable to lift at least 2 pounds or unable to stand or

7    walk."  Tr. 488.  When asked whether Plaintiff's condition was permanent, she

8    stated that it was "[d]ifficult to assess at this time.  After injections and possible

9    surgery will be able to tell chronology."  *Id*.

10    The ALJ gave these opinions no weight for five reasons:  (1) PA-C Elliot is

11    not an acceptable medical source; (2) both opinions were based on Plaintiff's

12    subjective complaints; (3) the degree of pain Plaintiff alleges is not supported by the

13    treatment in the record; (4) the severity of her opinions are inconsistent with the

14    findings of the consultative examiner, William Drenguis, M.D.; and (5) Plaintiff's

15    activities are inconsistent with the opinion.  Tr. 24-25.

16    This case is being remanded with the instructions that the ALJ call a medical

17    expert to testify at remand proceedings regarding whether Plaintiff meets or equals a

18    listing.  In the event that Plaintiff does not meet or equal a listing for the entire

19    relevant time period, this medical expert will also provide testimony regarding

20    Plaintiff's physical RFC.  Therefore, the ALJ will readdress PA-C Elliot's opinions

21    in light of a record that includes this expert's opinion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

**B.    Patrick Metoya, Ph.D.**

On October 14, 2017, Dr. Metoya completed a psychological consultative evaluation.  Tr. 414-18.  He diagnosed Plaintiff with panic attacks and unspecified depressive disorder.  Tr. 417.  He completed a functional assessment that included a mild to moderate impairment in the ability to maintain regular attendance in the workplace, a mild to moderate impairment in the ability to complete a normal work day or work week without interruption, and a marked impairment in the ability to deal with the usual stress encountered in the work place if it requires persistent activity, complex tasks, task pressure, or interacting with others.  Tr. 418.

The ALJ rejected these opined limitations for three reasons: (1) they appeared to be based primarily on Plaintiff's subjective complaints rather than objective evidence; (2) the severity of the opinions were inconsistent with Plaintiff's daily activities; and (3) Dr. Metoya did not take into account Plaintiff's abilities if he followed up with consistent treatment for his mental health impairments.  Tr. 24.

The ALJ's first reason for rejecting Dr. Metoya's above opined limitations, that they were based primarily on Plaintiff's subjective complaints rather than objective evidence, is not specific and legitimate.  A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report.  *Bayliss*, 427 F.3d at 1217; *Tommasetti*, 533 F.3d at 1041.  But the ALJ must provide the basis for his conclusion that the opinion was based on a claimant's self-reports.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Here, the ALJ stated that "these

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

opinions appear to be based primarily on the claimant's subjective complaints rather than on objective medical evidence." Tr. 24. In doing so, the ALJ failed to provide any basis for his determination that the opinion appeared to be based on Plaintiff's self-reports. Therefore, this reason fails to meet the specific and legitimate standard.

The ALJ's second reason for rejecting Dr. Metoya's above opined limitations, that the severity of the opinions were inconsistent with Plaintiff's daily activities, is not specific and legitimate. A claimant's testimony about his daily activities may be seen as inconsistent with the presence of a disabling condition. *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990). Here, the ALJ found that Plaintiff's ability to care for his children, shop in a grocery store, cook meals, manage his finances, perform household chores, and mow the lawn were inconsistent with Dr. Metoya's opined limitations. Tr. 24. However, in doing so, the ALJ failed to state how these typical daily activities were inconsistent with Dr. Metoyer's opined limitations. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Without some explanation about how these typical daily activities were inconsistent with Dr.

Metoyer's opinion, the ALJ failed to meet the specific portion of the specific and legitimate standard.

The ALJ's third reason for rejecting Dr. Metoya's above opined limitations, that he did not take into account Plaintiff's abilities if he followed up with consistent treatment for his mental health impairments, is not specific and legitimate.  The Regulations define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 404.1527(a).  Social Security Ruling 86-8 states that "presumptions, speculations and suppositions should not be substituted for evidence."   Here, the fact that Dr. Metoya did not discuss Plaintiff's limitations if he sought treatment does not diminish the value of the opinion under 20 C.F.R. § 404.1527(a).  And such speculation may have even undermined the value of the opinion under S.S.R. 86-8.

Defendant argues that a medical opinion's failure to take into account a claimant's long-term functioning is a sufficient reason to reject such an opinion.  ECF No. 15 at 13-14 *citing Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).  However, Dr. Metoya considered Plaintiff's long-term functioning when he addressed his prognosis as guarded.  Tr. 417.  Therefore, Defendant's argument fails.

1    The ALJ erred in rejecting the opinion of Dr. Metoya.  Upon remand, the ALJ

2    will readdress the opinion in full if an RFC determination is required.

3    **3.    Plaintiff's Symptom Statements**

4    Plaintiff challenges the ALJ's treatment of his symptom statements.  ECF No.

5    10 at 15-21.

6    It is generally the province of the ALJ to make determinations regarding the

7    reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035,

8    1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent

9    reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent

10    affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's

11    testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d

12    1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.

13    The ALJ found Plaintiff's "statements concerning the intensity, persistence,

14    and limiting effects of these symptoms are not entirely consistent with the medical

15    evidence and other evidence in the record for the reasons explained in this decision."

16    Tr. 21.  The evaluation of a claimant's symptom statements and their resulting

17    limitations relies, in part, on the assessment of the medical evidence.  See 20 C.F.R.

18    § 404.1529(c); S.S.R. 16-3p.  Therefore, in light of the case being remanded for the

19    ALJ to take the testimony of a medical expert and to readdress the medical source

20    opinions of ARNP Elliot and Dr. Metoya, a new assessment of Plaintiff's subjective

21    symptom statements will be required if a new RFC determination is necessary.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 20

### CONCLUSION

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). As discussed above, Plaintiff has presented evidence

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 21

that may support a finding at step three that he meets or equals Listing 1.04A.  The evidence must be properly evaluated to determine if Plaintiff did meet or equal this listing, and, if so, as of what date Plaintiff met or equaled the listing.  Therefore, the Court remands this case for further proceedings consistent with this Order.

On remand, the ALJ will call a medical expert to address whether or not Plaintiff meets or equals Listing 1.04A and to properly address Plaintiff's obesity.  If the claim is not fully addressed at step three, the ALJ also will readdress the medical opinions in the record and readdress Plaintiff's symptom statement for any period in which an RFC determination will be required.  In addition, the ALJ will call a vocational expert to address any step four or five determinations if they are required.

ACCORDINGLY, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED, in part,** and the matter is remanded for further proceedings consistent with this Order.

2.  Defendant's Motion for Summary Judgment, E**CF No. 15**, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

**DATED** October 15, 2020.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Judge